Cowen, Senior Judge,
dissenting in part:
"At the time of plaintiffs discharge, he had had more than 10 years of able and faithful service as a special agent of the Bureau. He had received promotions and commendations for his work; his efficiency rating was excellent, and he had not been previously reprimanded, demoted or penalized for any infraction of the rules. It is established by the record that on the second charge — the false claim for travel expenses — there was no intent to defraud the government, and the government suffered no loss. In fact, the amount paid plaintiff would have been greater if he had claimed the amount actually due. The de minimis nature of the third charge — transportation of an unauthorized person in a government vehicle — is indicated by the fact that it involved transporting an informer, who had previously aided plaintiff in his investigations, a distance of 5 or 6 blocks to a nearby restaurant.
"Plaintiffs immediate supervisor, the Resident Agent in Charge, testified that plaintiff was recognized by his peers as being the 'best’ in making illicit liquor investigations; that he was considered a leader by his associates, and that he was one of the hardest working and most productive agents the Resident Agent in Charge had known. This appraisal of plaintiffs service was concurred in by the Special Agent in Charge of the Oklahoma District, where plaintiff was stationed. Both officers testified that plaintiffs removal would not promote the efficiency of the Service.
"The Special Agent in Charge of the Oklahoma District had been delegated the authority to take disciplinary *382 action on the charges made against plaintiff, subject to review on appeal by the Regional Director of the Southwest Region. The Special Agent in Charge decided that in view of all of the facts and circumstances, including the penalties that had been imposed on other special agents for misconduct, plaintiffs punishment should consist of a demotion from grade GS-12 to GS-11, a suspension without pay for 30 days, and a transfer. However, this determination was overruled by the Regional Director and plaintiff was discharged.
"The action taken against plaintiff was much more severe than that meted out to other agents who were found guilty of offenses similar to or greater than those committed by plaintiff.
"The evidence is also undisputed that for about a year prior to plaintiffs removal, the national office of the Bureau had been conducting an investigation regarding personnel problems in the State of Oklahoma. Two agents had been sent to prison, and the national office had criticized the Regional Director for failure to take firm action on these personnel problems. Some time prior to plaintiffs removal, the Regional Director had advised the Special Agent in Charge of the Oklahoma District that both officials would probably be removed for alleged dereliction in the discharge of their duties.
"After reading the entire administrative record, I cannot escape the conviction that the severity of the penalty against plaintiff resulted mainly from a desire to mollify the criticism emanating from the national office. The Special Agent in Charge of the Oklahoma District so testified, and there was no direct contradiction of his testimony.
"In view of the circumstances related above, it is my opinion that plaintiff has demonstrated that the penalty imposed on him was so inherently disproportionate to the offenses charged that the penalty constituted an abuse of discretion within the purview of our decision in Power v. United States, 209 Ct. Cl. 126, 531 F.2d 505 (1976). Accordingly, and in reliance on that case, I would grant plaintiffs cross-motion for summary judgment to the extent of holding that he is entitled to recover back pay less appropriate offsets.”